THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY GORDON, Appellant, *v.* HENRY T. MURPHY, as Director of Woodbourne Rehabilitation Center, Respondent.

Third Department, July 22, 1968.

*Martin I. Lipnack* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Ruth Kessler Toch* and *Malcolm S. Goddard* of counsel), for respondent.

GABRIELLI, J. This is an appeal from a judgment of the Supreme Court, Sullivan County, entered November 29, 1967, which dismissed a writ of habeas corpus.

Appellant having been found to be a narcotic addict within the meaning of article 9 of the Mental Hygiene Law, was certified to the care and custody of the New York State Narcotic Addiction Control Commission ·(Mental Hygiene Law, § 206, subd. 4, par. c) and confined to the Woodbourne Rehabilitation Center under the jurisdiction of the commission. In seeking his release therefrom he claims, among other contentions, that he was deprived of his constitutional rights at the time of his certification in that he was not adequately advised of and did not competently waive his rights.

Prior to the occasion which generated his present commitment, appellant had voluntarily admitted himself to Buffalo State Hospital to cure his drug addiction. Seeking rehabilitative treatment, he again saw the doctor in charge who advised him that the admission procedure had changed and that he would now need to apply to the County Court. Appellant (not in custody) voluntarily appeared in that court and executed a petition in which he recited among other things that he believed himself to be a narcotic addict and had used " heroin for about 8 yrs, 12 to 14 bags a day ". Based on appellant's petition the Erie County Judge issued the required order directing appellant to undergo a medical examination to determine addiction and then to report back to the court. This order, which was also served on appellant, contained a notice that he could have a hearing at which he had the right to have counsel or have counsel assigned and that he could be committed for up to three years if he were found to be an addict. Upon his return to court following the examination, appellant states that the " court clerk read off something to me " and that the Judge also spoke with him; and the record shows that he executed an acknowledgment that he had read and that there was read to him the notice required by section 206 (subd. 4, par. a) of the Mental Hygiene Law which advised an alleged addict that if he is found to be an addict, (1) he can be certified for care for an indefinite period not exceeding three years, (2) the right to a hearing, (3) the aid of retained or assigned counsel, (4) an adjournment to obtain counsel, (5) the right to communicate with relatives, friends or counsel and (6) information regarding procedures to review any determination made.

Basically, appellant urges that he was ignorant of the true nature of the proceedings and the course of treatment to be given. We would observe that at no time has he denied the fact that the court advised him of the content of the required notice under Mental Hygiene Law (§ 206, subd. 4, par. a). Noticeably lacking also, either in the pleadings or in his testimony, is there any claim that the court failed to advise him of his rights. Of compelling interest in this case is the fact that he actually generated all of the proceedings commencing with consultation with the doctor at Buffalo State Hospital, his voluntary appearance in County Court and his voluntary execution of a petition in which he recited his narcotized history and request for treatment. Appellant has failed to show that the commitment was illegally obtained and, furthermore, has not shown by a fair preponderance (see *People* v. *Buck*, 25 A D 2d 474) that he exercised his judgment in executing the petition and waiver, without knowledge of all the facts; and based upon the facts in this case, his present claim that he was unaware of the consequences of his waiver, is unavailing.

That the State may compel persons who are dependent upon narcotic drugs and who by their own addiction endanger their own " physical and mental health " (Mental Hygiene Law, § 200), to undergo rehabilitative treatment, has been held to be a valid and legitimate exercise of the police power. (*Robinson* v. *California,* 370 U. S. 660; *Matter of James,* 22 N Y 2d 545, 552.) While in *Matter of James* (*supra*) the Court of Appeals concluded that the means of commitment were violative of the petitioner's rights, we interpret its holding as applicable to the particular facts of that case wherein the petition for rehabilitative treatment was made by one other than the alleged addict and the court noted that he was held " against his will for a period of three days, without notice of the nature of the proceeding and an opportunity to contest the finding upon which the determination to restrain his liberty was predicated " and, therefore, in contravention of the Fourteenth Amendment to the Constitution of the United States. In the case before us, none of appellant's constitutional or statutory rights were violated for, as we have pointed out, all the proceedings were generated by him wherein he was fully advised of all his rights which he duly and effectively waived.

Appellant additionally claims that at the time he executed his petition for this writ of habeas corpus (13 days following his admission to the rehabilitation center), he was cured. The record not only does not sustain such a contention, but clearly shows he is in need of continued rehabilitative treatment.

We have examined appellant's remaining claims which we find insubstantial.

The judgment should be affirmed.

HERLIHY, J. P., REYNOLDS, AULISI and STALEY, JR., JJ., concur.

Judgment affirmed, without costs.